**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EXPERIENCE IT STUDIOS, INC. d/b/a LIFE HERBAL,** | ) | |
| **Plaintiff,** | ) | **Case No.** |
| **v.** | ) | |
| **PRIMARK, LLC and DOES 1-50,** | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, EXPERIENCE IT STUDIOS, INC. d/b/a LIFE HERBAL ("Plaintiff" or "LIFE HERBAL"), by and through its attorneys of record, Ryan M. Kaiser and Saira J. Alikhan of Amin, Talati & Upadhye, LLC, and hereby complains of Defendants, PRIMARK, LLC ("PRIMARK") and DOES 1-50 ("DOES") (collectively "DEFENDANTS"), as follows:

**THE PARTIES**

1. Plaintiff is an Oklahoma Corporation who does business in Illinois, and having its principal place of business at 8086 S. Yale Ave., #252, Tulsa, OK 74137.

2. Upon information and belief, Defendant PRIMARK is a Nevada limited liability company having its principal place of business at 123 W. Nye Lane, Ste. 129, Carson City, Nevada 89706. Upon information and belief, PRIMARK does business in Illinois.

3. Defendant DOES 1-50 are individuals or entities (whose identities are presently unknown to LIFE HERBAL) who assisted, encouraged, participated, or conspired with some or all

of the other Defendants in the wrongful actions alleged herein. LIFE HERBAL will move to amend this Complaint when the true names of the Defendants are ascertained.

**JURISDICTION AND VENUE**

4. This is an action for violations of the Lanham Act, as well as various acts of unfair competition and commercial disparagement. This Court has subject matter jurisdiction over Plaintiff's claims for trademark infringement and related claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

5. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Defendants are subject to this Court's jurisdiction because, upon information and belief, Defendants regularly conduct business in this District, have committed the acts complained of herein in this District, and have caused harm in this District. In addition, Defendants operate a website which is viewable by citizens of this District.

7. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391. Upon information and belief, Defendants do business in the Northern District of Illinois, by among other things, selling their products within this District and publishing advertising materials within this District.

**GENERAL ALLEGATIONS**

8. Plaintiff is the owner of the trademark PROTAZEN (the "Mark") which is registered with the United States Patent and Trademark Office under Registration No. 3,434,969.

*See* PROTAZEN Registration, attached as Exhibit 1. Plaintiff's federal trademark registration is valid and subsisting.

9. Plaintiff has actively used the Mark in commerce in the United States in connection with dietary supplements which are used in the promotion of mental health.

10. As a result of its extensive promotional activities, and its investment of substantial time, money, and effort, Plaintiff has created substantial goodwill in the Mark. Consumers associate the Mark with the high quality supplement products which originate from Plaintiff.

11. Plaintiff markets and sells its PROTAZEN products almost exclusively on the Internet. As such, Plaintiff has a compelling need to maintain an online presence that allows it to effectively disseminate accurate and truthful information about its products to consumers.

12. Upon information and belief, Defendants own and operate www.dailyhealthanswers.com, www.consumerhealthdigest.com, www.healthsmanagmentblogspot.com and other similar websites and/or blogs (the "Website(s)").

13. The Websites purport to give unbiased "reviews" of products in various categories, providing a "top ten" ranking system. In every "top ten" list on the Websites, Defendant's products are rated "#1" or "top choice" while competing products all receive lesser ranking and sub-standard reviews.

14. The Websites do not disclose that there is any connection between Defendants and the Websites.

15. Upon information and belief, consumers are left with the impression that the Websites are published by unbiased third parties.

16. Upon information and belief, the foregoing impression is exactly what Defendants intended.

17. Defendants publish and utilize blog(s), also purporting to provide more "unbiased" reviews of Plaintiff's product.

18. On the blog(s), Defendants prominently display a picture of the PROTAZEN product alongside text that states "Learn More." Upon clicking this link, consumers are taken directly to a "buy" page for Defendants' products instead "learning more" about PROTAZEN as indicated.

19. Defendants purchase, or have purchased, the Mark as a paid AdWord through search engines such as Google, so that consumers searching for Plaintiff's product are directed to the Websites.

20. The advertisements that Defendants publish when a consumer searches for Plaintiff's products use the Mark, and direct consumers to the Websites.

21. The advertisements that Defendants created when a consumer searches for Plaintiff's products contain false, misleading and disparaging comments about Plaintiff's products, such as: "PROTAZEN Exposed – See Shocking Facts About Protazen" and "Learn The Facts Before You Try!" *See* Google Advertisement, attached as Exhibit 2.

22. Defendants use the Mark in HTML meta-tags, keywords and in other online marketing efforts to direct consumers looking for Plaintiff's products to the Websites for the purpose of marketing Defendants' competing supplement(s).

23. Defendants publish and utilize blog(s), also purporting to provide more "unbiased" reviews of Plaintiff's product. On the blog(s), Defendants prominently display a picture of the PROTAZEN product alongside text that states "Learn More." Upon clicking this

link, consumers are taken directly to a "buy" page for Defendants' products instead "learning more" about PROTAZEN as indicated.

24. Upon information and belief, DOES 1-50 are individuals or entities affiliated with Defendants, have control and responsibility for the marketing, promotion and sale of Defendants' products and Defendants' adoption and use of Plaintiff's Mark, and personally and directly benefit from the activities complained of herein.

**COUNT I**
**(Trademark Infringement – 15 U.S.C. § 1114)**

25. Plaintiff hereby incorporates by reference the allegations in paragraphs 1-21 as if fully set forth herein.

26. The Mark (PROTAZEN) is a valid, protectable, well-known and federally-registered trademark.

27. Plaintiff's rights in the Mark pre-date any use of the Mark by Defendants.

28. Plaintiff owns all rights, title, interest and goodwill associated with the Mark.

29. At all times complained of herein, Defendants were aware of Plaintiff's rights in the Mark.

30. Defendants have used the Mark in commerce without Plaintiff's knowledge or consent.

31. Defendants have used the Mark in a manner calculated to capture initial consumer attention and to direct such attention to the Defendants' site, in the promotion of Defendants' competing product(s).

32. Defendants' use of the Mark has been willful, deliberate, intended to benefit Defendants at Plaintiff's expense, and made in bad faith.

33. Defendants' use of the Mark is likely to cause confusion in violation of the Lanham Act.

34. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, including, but not limited to loss of goodwill and lost profits.

**COUNT II**
**(False Advertising – 15 U.S.C. § 1125(a)(1)(B)**

35. Plaintiff hereby incorporates by reference the allegations in paragraphs 1-31 as if fully set forth herein.

36. Defendants have made numerous false and misleading statements in the commercial advertising and promotion of the Websites and its products.

37. Defendants have caused their false and misleading statements to enter interstate commerce.

38. Defendants' statements have a tendency to deceive, and upon information and belief, have in fact deceived a substantial segment of its audience.

39. The deception caused by Defendants' false statements is material in that it is likely to influence purchasing decisions.

40. Defendants' conduct has been willful, wanton, and reckless.

41. Plaintiff has been and is likely to be injured as a result of Defendants' statements.

**COUNT III**
**(Federal Unfair Competition – 15 U.S.C. § 1125(a))**

42. Plaintiff hereby incorporates the allegations set forth in paragraphs 1-38 as if fully set forth herein.

43. Defendants' actions constitute unfair competition in violation of the Lanham Act.

44. As a proximate cause of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial.

45. At all material times, Defendants have acted in bad faith, oppressively, and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble damages against Defendants in an amount to be determined at trial.

46. Defendants' actions have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

**COUNT IV**
**(Violation of Deceptive Trade Practices Act of Illinois – 815 ILCS/2)**

47. Plaintiff hereby incorporates the allegations set forth in paragraphs 1-43 as if fully set forth herein.

48. Defendants have made numerous false and misleading representations regarding the characteristics of both Plaintiff's and Defendants' products on the Websites.

49. Defendants' false and misleading representations are causing the likelihood of confusion or a misunderstanding as to the source, sponsorship, approval or certification of Defendants' goods.

50. Defendants' advertising falsely represents the effectiveness of Plaintiff's product as well as other salient characteristics.

51. Defendants' advertising purports to be independent and unbiased when in fact it is not.

52. Defendants advertise various literal and implied claims that its product is superior to Plaintiff's products.

53. Defendants have caused their false, misleading and disparaging statements to enter commerce in the state of Illinois.

54. Defendants' statements have a tendency to deceive, and upon information and belief, have in fact deceived a substantial segment of its audience.

55. Defendants' conduct has been willful, wanton and reckless.

56. Plaintiff has been and is likely to be injured as a result of Defendants' statements.

**COUNT V**
**(Commercial Disparagement)**

57. Plaintiff hereby incorporates the allegations set forth in paragraphs 1-53 as if fully set forth herein.

58. Defendants have made statements about Plaintiff and Plaintiff's goods which are false or misleading, and are made to influence consumers.

59. Defendants have exhibited a pattern or practice of using keyword triggering advertisements to disparage and unfairly compete with competitors in several markets, including Plaintiff's.

60. Defendants' statements were made in commerce and have caused injury to Plaintiff's reputation.

**COUNT VI**
**(Defamation *Per Se*)**

61. Plaintiff hereby incorporates the allegations set forth in paragraphs 1-57 as if fully set forth herein.

62. Defendants have made false representations about Plaintiff and Plaintiff's products on the Websites and in their advertising.

63. Defendants' false representations constitute an unprivileged publication to numerous third parties, specifically targeting Plaintiff's customers and consumers searching for Plaintiff's products.

64. Defendants' false representations impute a lack of integrity in the discharge of Plaintiff's business operations, and also that Plaintiff's products are dangerous.

65. Defendants' statements harm Plaintiff in its profession.

66. Defendants published its false representations with a reckless disregard as to their truth or falsity.

67. Upon information and belief, Defendant published its false representations with actual malice and intent to harm Plaintiff's reputation.

68. As a result of Defendants' publication of *per se* defamatory statements, Plaintiff has suffered actual damages including, but not limited to lost sales, costs associated with dealing with and refuting said defamatory statements, and irreparable harm to Plaintiff's good will and reputation.

**COUNT VII**
**(Tortious Interference with Prospective Business)**

69. Plaintiff hereby incorporates the allegations set forth in paragraphs 1-65 as if fully set forth herein.

70. Plaintiff has a reasonable expectation of entering into a valid business relationship with one or more individuals or organizations.

71. Defendants knew of this forgoing expectancy.

72. Defendant intentionally and unjustifiably interfered to prevent the expectancy from being fulfilled.

73. As a result of Defendants' actions, Plaintiff has been damaged.

**PRAYER FOR RELIEF**

WHEREFORE, LIFE HERBAL prays for judgment against Defendants as follows:

a) Plaintiff be awarded compensatory damages and lost profits in an amount to be determined at trial;

b) Plaintiff be awarded punitive damages in an amount to be determined at trial;

c) Plaintiff be awarded its reasonable attorneys' fees and costs in this action;

d) Plaintiff be awarded treble damages;

e) The Court enter judgment in favor of Plaintiff granting equitable and injunctive relief over the activities complained of; and

f) Such other relief as this Court deems reasonable and just.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 19, 2015

Respectfully Submitted,

/s/ Saira J. Alikhan
Saira J. Alikhan
Ryan M. Kaiser
Amin Talati, Upadhye LLC
55 W. Monroe St., Suite 3400
Chicago, IL 60603
Ph: (312) 784-1065
Fax: (312) 884-7352

Attorneys for Life Herbal, Inc.